Johnson, J.,
dissenting, delivered the following opinion :
I take it to be a settled rule of common law, (in the absence of any express contract,) that a carriel[1], shipper, or owner, has a lien on the goods, or an action against the consignor for freight, distinctly recognized and acted upon, not only in this State, but in almost every other commercial country, so much so, that it would be idle to attempt, at this day, to adduce authorities to support it. But'it is alleged, that the particular custom, set up in this case, and offered to be proved,;forms an exception to this general rule, and that the proof ought to have been suffered to go to the jury. But the proof, offered in what shape you will, and give it the greatest possible extent you please, will amount to no more than this, that it is the usage in Charleston for the factor to pay the *freight of produce consigned to him. This usage either is or is r^i 9 not consistent with the common law rule. If the former, it does h not abrogate the common law, and may exist with it, and only proves that the shipper, owner or carrier, has by this custom, a remedy against the factor for freight, which was not given to him by the common law, and the evidence was therefore inadmissible : if the latter, then I say that it is inadmissible, .because our books of authority teem with cases in which the ship owner or carrier has recovered against the consignor the *376 freight of his produce. I venture to assert that, upon examination of the proceedings of the several Courts' in this State, hundreds of cases will be found in which plaintiffs have recovered on this cause of action, and under the same circumstances. One, the title of which has escaped my recollection, was tried by myself at Camden, about a year since, and not a word had before been heard of this custom. But it is further said, that this was a question for the jury, and therefore the evidence ought to have gone to them. I admit that the existence or non-existence of a particular custom in a question exclusively for the consideration of a jury, but its legality is a question of law which belongs to the Court to decide. It belongs to the Court to decide, because the Court alone are presumed to know the law; and when the question is once determined, that the custom set up is either consistent with, or contrary to, the known and established rules of law, to suffer such evidence to go to the jury, would be at once to break down ’all distinction between the powers of the Court and.jury, and produce consequences, the tendency of which are not easily foreseen. I regret that time has not permitted me to enter into this case so fully as I wished and intended. It appears to me, however, to depend upon principles that cannot be misunderstood, and which, from the best consideration I have been able to give them, lead me to the conclusion that the opinion which I entertained *on trial, in the Court *13] below, was correct, and that the evidence was .properly rejected.
Parker, for the motion. Prioleau and Ford, contra.
Bay, J., concurred with Johnson, J.